No. 25,024.

THE STATE OF KANSAS, *Appellee*, v. J. LARKIN FIELDS, *Appellant*.

SYLLABUS BY THE COURT.

LIQUOR LAW—*Unlawful Sale—Executory Contract Not a Sale—Must Be Complete and Delivery*. The offense of illegally selling intoxicating liquor is not committed by a bargain or an executory contract for a sale. There must be a completed sale which passes the property.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed February 9, 1924. Reversed.

*George McGill*, of Wichita, for the appellant.

*Charles B. Griffith*, attorney-general, *W. A. Blake*, county attorney, *H. C. Castor*, and *John W. Wood*, deputy county attorneys, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was convicted of the sale of intoxicating liquor. While twenty-seven assignments of error are set forth in the abstract, the record presents but one question, viz., is the evidence sufficient to sustain a conviction of a sale of intoxicating liquor?

The state relies upon a sale of intoxicating liquor to Mrs. Parker on March 9, 1922, as shown by evidence as follows: The appellant, Fields, was the owner or proprietor of a drug store at Wichita. Mrs. Parker lived at 624 North St. Francis avenue in Wichita. Her residence was situated on the rear of the lot, and there was another residence on the front of the lot known as 626 North St. Francis avenue, owned by Mrs. Parker, which she rented to a tenant. On March 9, 1922, Mr. Buck, a prohibition enforcement officer, seized a bottle containing alcohol and possibly other ingredients, which had been delivered at 626 North St. Francis avenue by a messenger boy. When he first saw the bottle it was in the messenger boy's possession and he seized and took it to the office of Mr. H. H. Motter, internal revenue collector. Mr. Fields was called by telephone to come to the office and he did so. Mr. Buck and Mr. Motter asked him if he had sold a bottle of liquid to Mrs. Parker and sent it to her by messenger boy, and he said he had. He was asked what the bottle contained and he said it was a prescription which Mrs. Parker ordered by telephone and which he had filled and sent to her by messenger boy. He was asked what he charged for such a pre-

scription and he said $1.25. He was asked what the prescription contained and he undertook to tell, but because of the medical terms used Mr. Motter asked him to write the prescription, which he did from memory. Later, the same day or the next, he took or sent to Mr. Motter what he said was the correct prescription, taken from his files, which differed in the portions of the ingredients from that written in the office. Both writings were left with Mr. Motter and were offered in evidence. Mr. Motter had the contents of the bottle analyzed by two chemists, whose analyses disclosed that the liquid contained about 80 per cent by volume of alcohol and some ginger and water. It is contended by appellant that the prescription which he filled was not the one analyzed by the chemist. It is true that the chemist's records, concerning which he appears to have been very painstaking, show that he received for examination and analysis on March 4, 1922, the bottle which was offered in evidence. This was five days before the seizure by the prohibition enforcement officer and, if his records were correct, it could not have been the same bottle of liquid, but there was no objection made to the testimony of the chemist as to the ingredients of the fluid examined by him, nor was any motion made to strike out his testimony, so that question is not properly before us.

Appellant contends that he was a pharmacist; that he had a permit to have alcohol and to use it in filling legitimate prescriptions, and that the prescription which he filled, though it contained a large per cent of alcohol, contained other ingredients, some of which were poisonous, which prevented its use as a beverage; that its ordinary use was for external application, but whatever benefit might be claimed by the appellant growing out of this phase of the situation, was decided against him by the verdict of the jury.

Appellant was charged in three counts. First, with the sale of intoxicating liquor on March 9, being the sale to Mrs. Parker relied upon in this case; second, with the unlawful transportation of intoxicating liquor; and third, with maintaining a nuisance under the intoxicating liquor law. During the progress of the trial the state dismissed the second and third counts and the case went to the jury solely upon the question of whether a sale of intoxicating liquor had been made in violation of the law. On this point appellant contends that the evidence does not show a sale; that there was no delivery to Mrs. Parker, no payment by her, and that the most that the evidence shows was an attempted sale which was not

completed. This contention must be sustained. The most favorable position for the prosecution to state the evidence is to say that Mrs. Parker called the appellant by telephone and told him she wanted a prescription and asked for it to be delivered to her residence; that the appellant accepted her order, filled the prescription, and undertook to deliver it to her by messenger boy, but before it reached Mrs. Parker and before it even reached the house where she lived it was intercepted by an officer and never was, in fact, delivered. There is no evidence that it was ever charged to Mrs. Parker or that she ever paid for it. This, of course, does not constitute a sale.

In *City of Iola v. Lederer*, 86 Kan. 347, 120 Pac. 354, it was said:

"To constitute a sale there must be a consideration or price, a seller, a purchaser and a delivery of the things sold." (p. 351.)

In 23 Cyc. 180, the rule is thus stated:

"The offense of illegally selling liquor is not committed by a bargain or executory contract for a sale. There must be a completed sale, which passes the property, consummated by the act of the parties as distinguished from the operation of the law, and amounting to a vending and purchasing of the particular commodity. It is not necessary that the liquor should have been paid for by the purchaser. But there must have been a delivery of the liquor to him. . . . " (See cases there cited, and also *Wales v. The State*, 85 Tex. Crim. Rep. 391; *Rex v. Robins*, 48 Ont. L. 527; *The People v. Ostrander*, 196 Ill. App. 489.)

We do not have any question here concerning any shift or device, or gift to evade. We have at the most only an agreement to sell and an attempt to carry out that agreement, but that is not sufficient to constitute the offense of selling.

The cause will be reversed, with directions for the court to sustain the motion of the defendant for his discharge.